UNITED STATES ex rel; Ashok BHATNAGAR, Plaintiffs—Appellants,

v.

KIEWIT PACIFIC COMPANY; State of California Department of Transportation Defendants—Appellees.

No. 00–17230.

D.C. No. CV–98–02068–MHP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided Jan. 14, 2002.

Before HUG, D.W. NELSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

Appellant ("Bhatnagar") appeals the grant of summary judgment in favor of Appellees ("Kiewit"). Bhatnagar argues that the district court erred in granting summary judgment because there were genuine issues of material fact in dispute such that a reasonable jury could conclude that Kiewit had knowingly submitted false claims to the government in violation of the False Claims Act, 31 U.S.C. §§ 3729–3812 ("FCA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand for a trial on the merits.

A grant of summary judgment is reviewed *de novo. Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). The appellate court's review is governed by the same standard used by the trial court under F.R.C.P. 56(c). *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir.2001). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Far Out Prods.*, 247 F.3d at 992. In order to raise a genuine issue of fact the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir.2000).

Viewing the evidence in the light most favorable to Bhatnagar, we conclude that genuine issues of material fact exist such that a reasonable jury could return a verdict in favor of Bhatnagar. Kiewit's actions, viewed in the light most favorable to Bhatnagar and in view of the surrounding circumstances, could implicate more than a dispute over contract interpretation. The record presents enough evidence to allow the case to go to a jury to determine if (1) Kiewit made a claim against the United States; (2) the claim was false or fraudu-

---

lent; and (3) Kiewit knew the claim was false or fraudulent. *United States ex rel. Oliver v. The Parsons Company*, 195 F.3d 457, 461 (9th Cir.1999), *cert. denied*, 530 U.S. 1228, 120 S.Ct. 2657, 147 L.Ed.2d 272 (2000).

REVERSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.